COVEY v. LESLIE.

1. GUARDIAN AND WARD—AUTHORITY OF GUARDIAN—MORTGAGES
    —PRIORITY.
    Where a guardian, holding a mortgage belonging to his wards,
    negotiates a loan as agent for a third person to the mort-
    gagors for the purpose of making a payment on the mort-
    gage, and takes as security another mortgage on the same
    premises, he has no authority to postpone his wards' mortgage
    in favor of the second one.

2. MORTGAGES—PRIORITY—EFFECT OF FORECLOSURE.
    Statutory foreclosure is not adapted to cases where there are
    conflicting equities and cannot operate to reverse priorities
    between mortgages.

Case made from Kent; Wolcott, J.  Submitted Janu-
ary 5, 1906.  (Docket No. 19.)  Decided May 24, 1906.

Bill by Edward S. Covey and Grace Covey against
James B. Leslie, Mary Uptegrove, and others, to fore-
close a mortgage.  From a decree for complainants, de-
fendant Uptegrove appeals.  Affirmed.

November 28, 1890, Henry Watson, as guardian of
complainants, then minors, took from defendants Leslie a
note for $465, due five years after date, and a real-estate
mortgage to secure payment of the same, and the mort-
gage was duly recorded.  George R. Slawson succeeded
Watson as guardian, and to him the said mortgage was
assigned.  The amount due on this mortgage September
14, 1895, was about $600, which was about the value of
the land.  The guardian was at that time acting as agent
for defendant Uptegrove in lending money, and he
arranged with the Leslies to lend them $300, to be applied
on his guardian's mortgage; they to give to Mrs. Upte-
grove a mortgage on the same property to secure payment
of said $300.  The arrangement was carried out, and the

money was applied on the guardian's mortgage and expended for the benefit of the infant wards.   In the Uptegrove mortgage no reference was made to the guardian's mortgage.   There is testimony tending to show that Slawson represented to Mrs. Uptegrove that her mortgage was a first mortgage on the premises, and that he had no authority to lend her money except upon first mortgage. Mr. Slawson, in 1898, caused the guardian's mortgage to be foreclosed by advertisement, and as guardian bid in the premises for $400.23, subject to the Uptegrove mortgage.   In 1901 Mrs. Uptegrove foreclosed her mortgage by advertisement, and at the sale in December, 1901, bid in the said premises and now holds them.   The guardian died in February, 1901, and the infants attained majority April 9, 1902.   They settled with the administrator of the Slawson estate and took an assignment of the guardian's mortgage.   The bill in this cause is filed to foreclose said mortgage, crediting upon it the amount of the Uptegrove loan, and, as ancillary relief, to set aside the original foreclosure of the mortgage and the sheriff's deed executed pursuant thereto; and it is averred that this mortgage is prior to the Uptegrove mortgage, and that Mrs. Uptegrove is chargeable with notice of such priority.   The Leslies are not financially responsible.   From a decree granting the relief prayed for, defendant Uptegrove has appealed.

*E. J. Bowman* (*S. W. Barker*, of counsel), for appellees.

*C. L. & C. B. Rarden*, for appellant.

OSTRANDER, J. (*after stating the facts*).   The record presents a case of strong general equities in favor of defendant Uptegrove, opposed to the application, and the result thereof, of rules of strict right favorable to complainants.   The evidence does not permit us to find that the wards have affirmed the action of their guardian, which defendant relies on to give to her security

priority over the guardian's mortgage. They have affirmed the mortgage, and the acceptance of a partial payment thereof. The guardian had neither express nor implied authority to postpone his security to the Uptegrove mortgage, a fact Mrs. Uptegrove was bound to know. Neither could the statutory foreclosures of the mortgages, respectively, operate to reverse priorities. Repeatedly it has been held that such proceedings are not adapted to cases in which there are conflicting equities. By their terms and by the record the guardian's mortgage is prior to the Uptegrove mortgage.

The decree recognizes the prior right, and must be affirmed, with costs.

BLAIR, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.